UNITED STATES, Appellee

v

KENT R. MEYER, Airman Third Class,
U. S. Air Force, Appellant

15 USCMA 268, 35 CMR 240

No. 18,033

February 26, 1965

*Major James E. Caulfield* argued the cause for Appellant, Accused. With him on the brief was *Colonel Robert O. Rollman.*

*Captain Donald W. Brewer* argued the cause for Appellee, United States. With him on the brief was *Colonel Emanuel Lewis.*

## Opinion of the Court

FERGUSON, Judge:

Tried by a general court-martial convened at RAF Alconbury, Huntingdonshire, England, upon a charge of larceny, in violation of Uniform Code of Military Justice, Article 121, 10 USC § 921, and an Additional Charge of the same nature, the accused was found guilty and sentenced to bad-conduct discharge, forfeiture of all pay and allowances, confinement at hard labor for two years, and reduction. Intermediate appellate authorities affirmed, and we granted accused's petition for review upon the same issue involved in United States v Enloe, 15 USCMA 256, 35 CMR 228, this day decided.

At the trial, it appeared that the defense counsel had, prior thereto, sought to interview Special Agent Jack D. Hanson, Office of Special Investigations, relative to a statement which he had obtained from the accused concerning the charge and specification. Agent Hanson, acting pursuant to a directive similar to that involved in United States v Enloe, supra, refused to be interviewed except in the presence

of the trial counsel. In addition, at the trial, he indicated to the law officer he had since received further instructions from his superiors which would also require the presence of "the district commander or senior experienced OSI agent" at any such interview "if counsel asked for a continuance here so that he could [conduct such an] interview . . . now." Over appropriate defense objection regarding the denial of an opportunity for a private interview of the witness, his testimony was received in evidence.

Our decision in United States v Enloe, supra, is equally dispositive of the question here presented. The Government may not interpose itself in the ordinary case between a witness and defense counsel, in order to set the conditions under which counsel will be permitted to interview him. The error, however, goes only to the original charge, for it was only with this matter that Agent Hanson's testimony was concerned. The Additional Charge and its specification involved an entirely separate and unrelated incident.

The decision of the board of review is reversed, and the record of trial is returned to The Judge Advocate General of the Air Force. A rehearing may be ordered on the original charge, its specification, and the penalty, or the board may reassess the sentence on the basis of the findings of guilty of the Additional Charge.

Judge KILDAY concurs.

QUINN, Chief Judge (dissenting):

I would affirm the decision of the board of review. See my dissent in United States v Enloe, 15 USCMA 256, 35 CMR 228.