UNITED STATES, Appellee

v

ROBERT C. BECK, Airman Third Class, U. S. Air Force, Appellant

15 USCMA 269, 35 CMR 241

No. 18,007

February 26, 1965

*Lieutenant Colonel Joseph B. McMullin* argued the cause for Appellant, Accused. With him on the brief was *Colonel Robert O. Rollman.*

*Major Neil Kasdan* argued the cause for Appellee, United States. With him on the brief was *Colonel Emanuel Lewis.*

Opinion of the Court

FERGUSON, Judge:

Tried by general court-martial at Kelly Air Force Base, Texas, upon a charge of assault with a dangerous weapon, in violation of Uniform Code of Military Justice, Article 128, 10 USC § 928, the accused was found guilty and sentenced to bad-conduct

discharge, forfeiture of all pay and allowances, confinement at hard labor for twelve months, and reduction. Intermediate appellate authorities affirmed, and we granted accused's petition for review upon the same issue confronting us in United States v Enloe, 15 USCMA 256, 35 CMR 228, and United States v Meyer, 15 USCMA 268, 35 CMR 240, both this day decided.

As in the cited cases, agents of the Office of Special Investigations, based upon the provisions of an official directive—here found in OSI (USAF) Regulation NR 124–14, dated February 17, 1964—refused to submit to a pretrial interview with defense counsel except in the presence of a third party. In this case, such third party was, pursuant to the regulations, "a disinterested attorney from the office of the local Staff Judge Advocate." One of the agents involved appeared as a witness at the trial and testified to the obtaining of a confession from the accused. The other agents involved were not called by either side. Although "personally, as an individual, most sympathetic to your point of view" and viewing the directive as being of "highly doubtful worth," the law officer overruled a defense motion which sought to obtain surcease from the terms of the OSI order.

We find nothing in this record to distinguish the situation presented from that which confronted us in United States v Enloe, and United States v Meyer, both supra. We reiterate that, while counsel may not be able to compel a witness to submit to an interview without meeting such conditions as the witness imposes, the Government may not, by directive or otherwise, ordinarily interpose itself between them and set conditions for the interview on behalf of the witness. United States v Enloe, supra.

The decision of the board of review is reversed, and the record of trial is returned to The Judge Advocate General of the Air Force. A rehearing may be ordered.

Judge KILDAY concurs.

QUINN, Chief Judge (dissenting):

I dissent. See my opinion in United States v Enloe, 15 USCMA 256, 35 CMR 228.